IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MS. TIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2312-JDT-dkv |
| | ) | |
| JASON S. PYNKALA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION, AND
DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE REMAINING CLAIMS
SHOULD NOT BE DISMISSED

The *pro se* Plaintiff, Ms. Tiger, filed this civil action pursuant to 42 U.S.C. § 1983 against various individuals and entities on April 30, 2014. (ECF No. 1.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) Plaintiff filed an amended complaint on June 5, 2014 (ECF No. 6), and the Magistrate Judge then directed that process be issued and served on the Defendants. (ECF No. 7.)[1] Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) were filed on behalf of Defendants Tim Beacham, an Assistant District Attorney for the Thirtieth Judicial District of Tennessee, and Memphis Police Officers Jason S. Pynkala, Camron S. Briggs, Eric T. Lee, and Christopher Moffatt. (ECF Nos. 13 & 14). Rule 12(b)(6) motions also were filed on behalf of Defendants Don Norwood, Patrick

---

[1] Plaintiff filed a second amended complaint on June 16, 2014. (ECF No. 9.) Plaintiff failed to obtain leave of Court prior to filing that amendment; therefore, it was not considered by the Magistrate Judge. However, even if the second amended complaint is considered, it would not change the outcome of this order because the claims and allegations therein do not differ significantly from those in the first amended complaint.

Jordan, the Westin Memphis-Beale/Starwood Hotels & Resorts Worldwide, Inc., and Senate Hotel Partners Memphis LP. (ECF Nos. 15 & 19.) Plaintiff responded to the pending motions (ECF Nos. 20, 21, 22 & 23), and Defendants filed replies to those responses (ECF Nos. 25 & 26).

On September 30, 2014, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended that Defendants' pending motions to dismiss be granted. (ECF No. 28.)[2] Objections initially were due on or before October 17, 2014. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, on October 15, 2014, Plaintiff filed a motion for extension of time, through October 24, 2014, to file her objections. (ECF No. 30.) The Court issued an order on October 20, 2014, granting Plaintiff's request. Plaintiff ultimately filed untimely objections on October 28, 2014. (ECF No. 32.)[3] Although it was not required to do so, the Court has read and considered those objections.

Nothing in Plaintiff's objections persuades the Court the R&R should not be adopted. The Magistrate Judge issued a thorough and well-reasoned opinion after fully considering the parties' motions, responses, and replies. The Court agrees with her conclusions and finds that a more detailed opinion is unnecessary. Therefore, the Court hereby ADOPTS the R&R. The pending motions to dismiss are GRANTED, and all claims against Defendants Pynkala, Briggs, Moffatt, Lee,

---

[2] The R&R omitted Senate Hotel Partners Memphis LP from the list of Defendants moving to dismiss. (*Id.* at 2.) While Plaintiff attempts to assigns some nefarious meaning to that omission (*see* ECF No. 30; ECF No. 32 at 2), there is no indication that it was anything but inadvertent. Furthermore, the omission in no way affects the conclusions in the R&R, as the same grounds for dismissal clearly apply to all of the Westin entities, including Senate Hotel Partners.

[3] Although the objections were mailed on October 23rd (*see* ECF No. 32-1), only litigants who are incarcerated are given the benefit of the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). For all non-prisoners, even those who are proceeding *pro se*, a document must actually reach the Court by the specified deadline in order to be considered timely. Furthermore, the extra three days for mailing in Federal Rule of Civil Procedure 6(d) are applied only "[w]hen a party may or must act within a specified time after *service*." (Emphasis added.) Unlike the original fourteen-day period set forth in the R&R, the Court's order extending the time specified a definite date, October 24th, by which the objections must be filed.

Beacham, Norwood, Jordan, the Westin Memphis-Beale/Starwood Hotels & Resorts Worldwide, Inc., and Senate Hotel Partners Memphis LP are DISMISSED.

Magistrate Judge Vescovo noted in the R&R that the remaining claims were those against the City of Memphis and Memphis Police Director Tony Armstrong. (ECF No. 28 at 33-34 n.12.) Armstrong is sued only in his official capacity, apparently as a policy-maker for the City and the Memphis Police Department, so the claims against him also are appropriately construed as claims against the City of Memphis. *See Brandon v. Holt*, 469 U.S. 464, 471-72 & n.20 (1985) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978)). Those claims include allegations that Armstrong and the City adopted "deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth, Fourteenth, and First Amendments." (ECF No. 28 at 8.)

These municipal liability claims against Armstrong and the City are derivative of Plaintiff's claims against the individual officers, and "success on the municipal liability claim requires Plaintiff to first establish that the individual defendants violated [her] constitutional rights." *Austin v. Redford Tp. Police Dep't*, 859 F. Supp. 2d 883, 896 (E.D. Mich. 2011) (citations omitted); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (citing *Heller*); *Vargo v. City of Cleveland, Tenn.*, No. 1:12-CV-248, 2014 WL 1745649, at *6 (E.D. Tenn. May 1, 2014) ("[T]he Court will also grant summary judgment for Cleveland on the derivative *Monell* claim, as Vargo cannot prevail on such a claim without showing that an underlying constitutional violation took

place."); *Monroe v. McNairy Cnty. Tenn.*, 850 F. Supp. 2d 848, 873 & n.118 (W.D. Tenn. 2012) ("Absent proof that an arrest or seizure violated a person's federal constitutional rights, there can be no local government liability under *Monell* . . . .").

The Court has adopted the Magistrate Judge's conclusion that Plaintiff has not stated a claim against the individual officers for violating her constitutional rights. Therefore, Plaintiff is hereby ORDERED to show cause, on or before November 13, 2014, why the municipal liability claims against the City of Memphis and Tony Armstrong in his official capacity also should not be dismissed for failure to state a claim on which relief may be granted. If Plaintiff responds to this order to show cause, Defendants may file a further response within fourteen days after the filing of her response.

Plaintiff's failure to respond to this order by November 13, 2014, will result in the dismissal of the remaining claims without further notice.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE